# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| OVERLOOK GARDENS PROPERTIES LLC, CREEKWOOD APARTMENTS, LLC, INVERNESS II, LLC, GREYSTONE FARMS APARTMENT COMMUNITY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ORIX USA, L.P., RED CAPITAL GROUP, LLC, RED MORTGAGE CAPITAL, LLC, RED CAPITAL MARKETS, LLC, and RED CAPITAL PARTNERS, LLC,<br><br>Defendants. | No. _____ |

## NOTICE OF REMOVAL

Defendants ORIX USA, L.P ("ORIX"), Red Capital Group, LLC ("Red Capital Group"), Red Mortgage Capital, LLC ("Red Mortgage"), Red Capital Markets, LLC ("Red Capital Markets"), and Red Capital Partners, LLC ("Red Capital Partners") (collectively, "Defendants"), by and through their undersigned attorneys, hereby give notice of removal of this action from the State Court of Muscogee County, Georgia to the United States District Court for the Middle District of Georgia, Columbus Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### I. BACKGROUND

1. On April 10, 2017, Plaintiffs Overlook Gardens Properties, LLC ("Overlook Gardens"), Creekwood Apartments, LLC ("Creekwood Apartments"), Inverness II, LLC

("Inverness"), Greystone Farms Apartment Community, LLC ("Greystone Farms")(collectively, "Plaintiffs") filed a civil action in the State Court of Muscogee County, Georgia styled *Overlook Gardens Properties, LLC, et al v. ORIX USA, L.P., et al* (No. SC17-CV-202) (the "State Court Action"). A true copy of the Plaintiffs' complaint (the "Complaint") is attached as Exhibit A.

2. Defendants Orix, Red Mortgage, and Red Capital Markets were served with a copy of the summons and Complaint on April 12, 2017. The remaining Defendants were served on April 17, 2017. A true copy of the summons received by Defendants, as well as the service of process returns, are attached as Exhibit B.

3. The Complaint alleges that the Defendants have committed "fraudulent practices . . . in connection with their business of assisting borrowers in obtaining non-recourse government-guaranteed financing for large scale commercial projects." Exhibit A, Complaint at p.1, "Nature of The Case." Plaintiffs allege as causes of action fraud, breach of contract, and violations of Section 16-41-1, *et seq*. of the Code of Georgia ("RICO"). Plaintiffs seeks actual damages, expenses of litigation, attorneys' fees, punitive damages, and treble damages. *Id.* at ¶¶ 191.

4. Plaintiffs' counsel are attorneys of the law firm of Charles A. Gower, P.C.

## II. REMOVABILITY AND JURISDICTION

5. Removal is appropriate in this case on diversity grounds because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441(b).

A.  **This Is A Civil Action Between Citizens of Different States**

6.  Plaintiffs allege that they are "borrowers who have utilized Defendants' services to process and procure HUD-guaranteed multifamily financing for various large-scale apartment complexes in Georgia." Exhibit A, Complaint at ¶ 1.

7.  A limited liability company is deemed to be a citizen of each state in which any of its members is a citizen. *Rolling Greens MHP, L.P. v. Comast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Likewise, a limited liability partnership is deemed to be a citizen of each state in which any of its general and/or limited partners is a citizen. *Id.* A corporation is deemed to be a citizen of the state(s) in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. 1332(c)(1).

8.  Plaintiff Overlook Gardens is a Georgia limited liability company whose sole member is Sun Valley Properties, LLP ("Sun Valley Properties"). *See* Exhibit C, Managing Member's Certificate, December 19, 2013.

9.  Sun Valley Properties is a Georgia limited liability partnership with two partners: Kelsey L. Kennon and Charles A. Gower. *See* Exhibit C.

10. Upon information and belief, Kelsey L. Kennon is a citizen of Georgia.

11. Upon information and belief, Charles A. Gower is a citizen of Georgia.

12. Because each of its members is a citizen of Georgia, Plaintiff Overlook Gardens is a Georgia citizen.

13. Plaintiff Creekwood Apartments is a Georgia limited liability company whose sole member is Sun Valley Properties, LLP ("Sun Valley Properties"). *See* Exhibit D, Certificate of Borrower, December 22, 2015.

14. With respect to the citizenship of Sun Valley Properties and its partners, Defendants repeat the facts set forth in paragraphs 9 through 11, above, as if fully set forth herein.

15. Because each of its members is a citizen of Georgia, Plaintiff Creekwood Apartments is a Georgia citizen.

16. Plaintiff Inverness is a Georgia limited liability company whose members are: Elizabeth (Heard) Flournoy, William H. White, Kenneth M. Brown, and Ralph G. Leary. *See* Exhibit E, Manager's Certificate of Inverness II, September 30, 2015, at Exh. C, page 3.

17. Upon information and belief, Elizabeth (Heard) Flournoy is a citizen of Georgia.

18. Upon information and belief, William H. White is a citizen of Georgia.

19. Upon information and belief, Kenneth M. Brown is a citizen of Georgia.

20. Upon information and belief, Ralph G. Leary is a citizen of Georgia.

21. Because each of its members is a citizen of Georgia, Plaintiff Inverness is a Georgia citizen.

22. Plaintiff Greystone Farms is a Georgia limited liability company whose sole member is Woodmont Properties, LLC ("Woodmont"). *See* Exhibit F, Certificate of Greystone Farms Apartment Community, LLC, August 22, 2012.

23. Woodmont is a Georgia limited liability company whose members are: Ralph G. Leary, Kenneth M. Brown, and Sedgefield Properties, LLC ("Sedgefield"). *See* Exhibit G, Certificate of Woodmont Properties, LLC, August 22, 2012, at Exh. B, page 2.

24. With respect to the citizenship of Ralph G. Leary and Kenneth M. Brown, Defendants repeat the facts set forth in paragraphs 19 and 20, above, as if fully set forth herein.

25. Sedgefield is a Georgia limited liability company with two members: William H. White and Elizabeth D. Heard. *See* Exhibit G, at Exh. C, page 3.

26. With respect to the citizenship of William H. White and Elizabeth D. Heard, Defendants repeat the facts set forth in paragraphs 17 and 18, above, as if fully set forth herein.

27. Because each of its members is a citizen of Georgia, Plaintiff Greystone Farms is a Georgia citizen.

28. Defendant ORIX is a Delaware limited partnership whose sole general partner is OUCG, LLC ("OUCG"), a Delaware limited liability company, and whose sole limited partner is OUCL, LLC ("OUCL"), a Delaware limited liability company. *See* Exhibit H, Affidavit of James F. Croft, May 11, 2017, at ¶ 2.

29. The sole member of both OUCG and OUCL is ORIX USA Corporation ("ORIX USA"). ORIX USA is incorporated in Delaware, and has its principal place of business in Texas, and thus is a citizen of Delaware and Texas. *Id.* at ¶ 3.

30. ORIX USA is wholly owned by ORIX Corporation. ORIX Corporation is organized under the laws of Japan and is based in Tokyo, and thus is a citizen of Japan. *Id.* at ¶ 4.

31. Defendant Red Capital Group is a Delaware limited liability company. The sole member of Red Capital Group is ORIX Commercial Mortgage Servicing Holdings, LLC, a Delaware limited liability company. *Id.* at ¶ 5.

32. The sole member of ORIX Commercial Mortgage Servicing Holdings, LLC is ORIX RC, LLC, a Delaware limited liability company. *Id.* at ¶ 6.

33. The sole member of ORIX RC, LLC, is ORIX Equity Holdings, LLC, a Delaware limited liability company. *Id.* at ¶ 7.

34. The sole member of ORIX Equity Holdings, LLC is HLHZ Holding Company, LLC, a Delaware limited liability company. *Id.* at ¶ 8.

35. The sole member of HLHZ Holding Company, LLC is Fram Holdings, LLC, a Delaware limited liability company (formerly known as Fram Holdings, Inc., a Delaware corporation.) *Id.* at ¶ 9.

36. The sole member of Fram Holdings, LLC is ORIX OpCo Holdings, LLC, a Delaware limited liability company. *Id.* at ¶ 10.

37. The sole member of ORIX OpCo Holdings, LLC, is ORIX Capital Markets, LLC, a Delaware limited liability company. *Id.* at ¶ 11.

38. The sole member of ORIX Capital Markets is ORIX USA. *Id.* at ¶ 12.

39. Defendants repeat the facts set forth in paragraphs 29 through 30, above, concerning ORIX USA, as if fully set forth herein.

40. Defendant Red Mortgage is a Delaware limited liability company whose sole member is Red Capital Group, LLC. *Id*. at ¶ 13.

41. Defendants repeat the facts set forth in paragraphs 31 through 39, above, concerning Red Capital Group, LLC, as if fully set forth herein.

42. Defendant Red Capital Markets is a Delaware limited liability company whose sole member is Red Capital Group, LLC. *Id.* at ¶ 14.

43. Defendants repeat the facts set forth in paragraphs 31 through 39, above, concerning Red Capital Group, LLC, as if fully set forth herein.

44. Defendant Red Capital Partners is an Ohio limited liability company whose sole member is Red Capital Group, LLC. *Id.* at ¶ 15.

45. Defendants repeat the facts set forth on paragraphs 31 through 39, above, concerning Red Capital Group, LLC, as if fully set forth herein.

46. All Plaintiffs and all members of all Plaintiff entities are citizens of Georgia. No Defendant is a citizen of Georgia. *Id.* at ¶ 16. The parties, accordingly, are completely diverse. 28 U.S.C. § 1332(a).

B.  **The Matter in Controversy Exceeds the Sum Or Value of $75,000**

47. Although Plaintiffs do not include a specific dollar amount in their prayer for relief, the allegations of the Complaint on their face confirm that the amount in controversy here exceeds $75,000, exclusive of interest and costs.

48. The Complaint seeks, among other things, alleged damages for "excess interest" supposedly paid by the Plaintiff borrowers on certain commercial loans. According to the Complaint, these amounts include "hundreds of thousands of dollars in excess interest paid over the life of the loans." Exhibit A, Complaint at ¶ 182. *See also id.* at ¶ 138 ("**This sum typically amounts to hundreds of thousands of dollars per transaction.**") (emphasis in original).)

49. Paragraph 41 of the Complaint likewise underscores the amount that Plaintiffs are seeking:

> Given the substantial size of the loans in question, the undisclosed profit made by the enterprise when utilizing this scheme is typically in excess of one hundred thousand dollars, and oftentimes even *multiple* hundreds of thousands of dollars, per loan transaction. (emphasis in the original).

50. In addition to alleging "hundreds of thousands of dollars" in excess interest, the Complaint also alleges a right to "treble damages." *Id.* at ¶¶ 190-91.

51. Plaintiffs also seek punitive damages. *Id.* at ¶ 191, and prayer for relief.

52. Plaintiffs also seek an award of attorneys' fees. *Id.*

53. Therefore, the amount in controversy clearly exceeds the $75,000 threshold required for diversity jurisdiction.

### III.   COMPLIANCE WITH THE REMOVAL STATUTE

54. This Notice of Removal is properly filed in the United States District Court for the Middle District of Georgia, Columbus Division, because the State Court of Muscogee County, Georgia is located in this federal jurisdiction.  28 U.S.C. § 1441(a); Local Rule 3.1, and Appendix 1: Map of the Middle District of Georgia.

55. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

56. The three earliest-served Defendants were served on April 12, 2017, which is no more than 30 days before the filing of this Notice of Removal.  28 U.S.C. § 1446(b).

57. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal is being served on Plaintiffs and filed with the State Court of Muscogee County, Georgia.  A copy of the notice filed with the State Court of Muscogee County is attached as Exhibit I.

58. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants is attached to this Notice of Removal collectively as Exhibits A and B.

59. Defendants reserve the right to amend or supplement this Notice of Removal.

60. In filing this Notice of Removal, Defendants do not waive any defenses or rights that may be available in this action. Defendants will file other responsive pleadings within seven (7) days as permitted by Federal Rule of Civil Procedure 81(c)(2)(C).

### IV.    CONCLUSION

Defendants respectfully request that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in the State Court of Muscogee County, Georgia, and seek all other relief to which it is justly entitled.

Dated:  May 12, 2017

Respectfully submitted,

*/s/ E. Kendrick Smith*
E. Kendrick Smith
  (Georgia Bar No. 656725)
Lucas W. Andrews
  (Georgia Bar No. 019533)
Kim Purcell Pike
  (Georgia Bar No. 579710)
**JONES DAY**
1420 Peachtree Street, Suite 800
Atlanta, GA  30309
Telephone:   (404) 521-3939
Facsimile:    (404) 581-8330
e-mail:         eksmith@jonesday.com
                   lwandrews@jonesday.com
                   kpike@jonesday.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day the undersigned caused the within and foregoing **NOTICE OF REMOVAL** to be filed with the Clerk of Court via the Court's CM/ECF system.

The undersigned further certifies that on this day, I caused a true and accurate copy of the **NOTICE OF REMOVAL** to be served upon counsel for the Plaintiffs via U.S. Mail, with sufficient postage attached and addressed as follows:

>Charles A. Gower
>Miranda Brash
>Shaun P. O'Hara
>CHARLES A. GOWER, P.C.
>1425 Wynnton Road
>P.O. Box 5509
>Columbus, GA 31906

This 12th day of May, 2017                /s/ *E. Kendrick Smith*
                                          E. Kendrick Smith

NAI-1502655902v2